O’CONNELL, Justice.
Maurey L. Ashmann, the relator, seeks a writ of prohibition directed to the Hon *438 orable Gene Williams, one of the Judges of the Criminal Court of Record in and for Dade County, in which court relator faces prosecution on an information charging him with perjury before the Dade County Grand Jury, Spring Term. We have issued a rule nisi and the respondent, Judge Williams, has filed his return.
Relator’s principal argument is that respondent is without jurisdiction in this matter because the alleged false swearing occurred before a grand jury which was illegally constituted for the reason that the statute under which the number of grand jurors was determined and the statute under which the grand jurors were selected are both unconstitutional. On motion to quash the trial judge held the statutes valid.
The questions presented involve the validity of statutes. Therefore, this Court has jurisdiction to entertain this matter.
The relator alleges and contends that the Dade County Grand Jury, Spring Term was organized pursuant to Chapter 25554, Laws of Florida, 1949 and consisted of twenty-three members. He further alleges and contends that the members of that grand jury were selected from a list chosen pursuant to Chapter 57-550, Laws of Florida, 1957.
He argues that these two acts, which are both population acts, have been rendered invalid by Acts of the 1961 Legislature. This argument raises real questions and casts serious doubt on the validity of both Chapter 25554 and Chapter 57-550, supra, for, as pointed out by relator, the 1961 Legislature by passage of Chapters 61-558, 61-577, 61-796 and 61-1468 repealed said acts as they applied to certain counties within the population brackets enunciated therein. The result is that neither of said acts now operates in all counties having such population. Relator makes a similar argument that Chapter 26664, Laws of Florida, 1951, which also provides for a twenty-three member grand jury in counties having certain population and which might possibly apply to Dade County, is invalid because also amended to remove certain counties from its operation.
The result, says the relator, is that absent, these statutes there is no authority for a. grand jury of twenty-three members in-. Dade County and under Section 905.01, F. S.A., it should have consisted of not more-than eighteen members. He then concludes, that the grand jury involved was illegal and. false swearing before an illegally constituted grand jury does not constitute perjury.
Unfortunately for relator the record before us does not establish the fact that the grand jury was organized and selected pursuant to Chapter 25554 and Chapter 57-550 and does not establish that it actually consisted of twenty-three members. Nor does it reflect when the grand, jury was organized, i. e. before or after the amendatory acts of the 1961 Legislature became effective. This latter fact might become important on the question of the-grand jury being a de facto body at the-time of the alleged false swearing.
The State refused, in argument before the-trial court on the motions to quash, to-stipulate to the existence of any of the missing facts and in his return to the rule-nisi the respondent put many of these facts, in issue by- denying them.
It was the relator’s burden to establish-these facts. Because of their absence the-rule nisi must be and is hereby discharged..
It is so ordered.
ROBERTS, C. J., and TERRELL,. THOMAS, DREW, THORNAL and! CALDWELL, JJ., concur.